## LIGGETT & MYERS TOBACCO CO. v. UNITED STATES.

## COMMONWEALTH OF MASSACHUSETTS v. UNITED STATES.

## LIGGETT & MYERS TOBACCO CO. on Behalf of COMMONWEALTH OF MASSACHUSETTS v. UNITED STATES.

### Nos. 42107, 42411, 42412.

Court of Claims.

April 6, 1936.

For original opinion, see 13 F.Supp. 143.

Henry F. Long, of Boston, Mass., for plaintiffs.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for defendants.

John J. Bennett, Jr., Atty. Gen. (Wendell P. Brown, of Albany, N. Y., on the brief), amicus curiæ for the State of New York.

A. A. F. Seawell, Atty. Gen., Charles Ross, of Raleigh, N. C., and Edward A. Adams, of Los Angeles, Cal., amici curiæ for the States of North Carolina, South Carolina, and California.

Paul A. Dever, Atty. Gen. (Charles F. Lovejoy, of Boston, Mass., on the brief), for the Commonwealth of Massachusetts.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

Now on this 6th day of April, 1936, upon consideration of the motion to amend the findings and for a new trial in the three cases above mentioned, it is ordered by the court that the findings be amended by adding thereto the following:

The Boston State Hospital is maintained by the commonwealth of Massachusetts for care and treatment of those having mental diseases. Institutional treatment of the insane has existed for several centuries, although the early treatments were largely limited to the confinement of the violently insane. State treatment of the mentally diseased at public expense has existed in the United States and in the commonwealth of Massachusetts for many years, but a few states provide practically no such facilities. The Boston State Hospital is useful in the maintenance of public welfare and order in the commonwealth of Massachusetts. The power of restraining patients is conferred upon the hospital by the state. While there are private hospitals for the care of the insane located and operated in the state, they are conducted for profit and the average patient does not have the means to pay their charges. In the Boston State Hospital, patients pay if they are able, but if not pay nothing. The hospital performs a useful service.

It is further ordered that the above-entitled cases be set down for oral argument at the May term of this court, such argument to be confined to matters arising from or connected with the amendments made to the findings.

A ruling on the remainder of the motion is reserved until after oral argument has been made in accordance with this order.